Michael HUTCHINS, # 053170, Plaintiff-Appellee,

v.

Louis L. WAINWRIGHT, et al., Defendants-Appellants.

No. 83-5256.

United States Court of Appeals, Eleventh Circuit.

Sept. 19, 1983.
Rehearing Denied Nov. 2, 1983.

Penny H. Brill, Asst. Atty. Gen., Miami, Fla., for defendants-appellants.

Elliot H. Scherker, Asst. Public Defender, Miami, Fla., for plaintiff-appellee.

Before HILL, KRAVITCH and HENDERSON, Circuit Judges.

JAMES C. HILL, Circuit Judge:

Petitioner, Michael Hutchins, was found guilty of armed robbery and assault with the intent to commit second degree murder. The conviction arose from Mr. Hutchins' robbery of a taxicab driver on July 17, 1975. The pivotal issue at trial was the identity of the perpetrator. The taxicab driver did identify the petitioner as the man who had robbed him. The only other evidence against the petitioner is the evidence which formed the basis of this appeal.

After the robbery occurred, two investigative police officers were sent to the scene of the crime. During their investigation, it appears that a young black male approached the officers and informed them of who committed the crime and where the perpetrator resided. It was based on this information that the petitioner's photograph was incorporated into a spread and shown to the victim, leading to the defendant's being charged. However, the informant never appeared or testified at the trial. The two police officers who received the tip from the anonymous informant refused to identify the young man to either the prosecution or the petitioner.

At trial, during the opening statement, the prosecutor detailed for the jury the police investigation leading to the arrest of the petitioner. In this statement the prosecutor spoke of how Detective Purdy had been contacted by a young man during a canvas of the area where the crime had occurred. Counsel for petitioner objected to this statement as referring to inadmissible hearsay. A bench conference was held where the court was informed that this young man had provided the police with information leading them to the residence of the petitioner. The prosecution further stated that the two investigative police officers had refused to reveal the identity of the witness to either the prosecutor or the petitioner. The prosecutor maintained he would only inform the jury of "what the

detectives did" based on their conversations with the young man, but he would not adduce those conversations for the jury or the fact that the young man had directed the officers to the petitioner's residence. The court ruled that the prosecutor would be permitted "to inquire of the officer simply as a result of his investigation what did he do." This questioning could refer to the presence of a bystander at the scene of the crime who left some kind of notation in the officers' car which prompted the police to further investigate the area.

During direct examination of the police officers, testimony was elicited, over objection, that the officers had met with a young male in the vicinity of the robbery and that they had driven with the young man to the area of 1840 N.W. 60th Street (the petitioner's address). During closing argument, the prosecutor referred to the meeting between the police and the unidentified young man in the following manner:

> Mr. Goldstein: He testified he went to 1840 Northwest 60th Street, and as you remember later on, that is where the Defendant lives.
>
> He testified that he got out of the car, and he conducted an investigation on the scene there, that he went back to his office, and he made out this photo display, and put the photograph of Michael Hutchins in the photo display, and detective went to the hospital . . . .
>
> \* \* \* \* \* \*
>
> Then afterwards the detective got out a warrant; went to the State Attorney's Office; went to a judge; got a warrant for Michael Hutchins' arrest; went back to that address, and where was the address? 1840 Northwest 60th Street . . . .

The prosecutor went on to explain the absence of the unidentified witness by saying "[a] crime of this nature creates fear" and that "people who have the fear do not want to get involved \* \* \* [t]hey do not want to physically face the accused." The prosecutor then urged the jury "not only to rely on what you have heard here," which he described as "the tip of the iceberg," but "to consider all the circumstances involved in this crime." Petitioner asserts that as a result of the introduction into evidence of the substance of statements attributed to an unidentified and undisclosed informant, and the reliance upon those statements as evidence of the guilt of the defendant, violated petitioner's right to confrontation under the sixth amendment to the United States Constitution.

In this case, it is clear from the record that an anonymous informant contacted the investigating officers and informed them that he knew who had committed the crimes. He told the officers the name and the address of the assailant. However, for whatever reasons, this informant refused to testify at the defendant's trial and the investigating officers refused to name the informant to both the prosecution and the defense. The prosecutor's knowledge of this information placed him in a difficult position. He zealously attempted throughout the trial to place into evidence that there existed an eyewitness informant. The trial court attempted to allow portions of this evidence in under the theory that the officers were entitled to testify as to their investigative efforts. However, in closing argument the prosecutor could no longer withstand the temptation to spell out for the jury the existence of this anonymous informant. In doing so, the prosecutor, in essence, informed the jury that there existed an eyewitness to this crime who accompanied the police to the residence of the defendant, but who refused to testify out of fear of retribution. This situation was aptly described by the prosecutor as "a problem for everybody." Indeed, this court agrees that it is a problem of monumental concern when there is a witness who could assist the jury in its truthfinding process, but is afraid to testify. Reference to such a witness's statements, however, is inadmissible under the constitution. Here, the prosecutor gave in to the temptation to provide for the jury this inadmissible evidence. This violated the defendant's right to confront the anonymous, non-testifying witness. The prosecutor violated the defendant's rights when he explained to the jury

that this anonymous informant was afraid to testify, but that it was clear he was an eyewitness to the crime who had identified to the officers, the defendant as the perpetrator.

The sixth amendment right of an accused to confront the witnesses against him or her is a fundamental right. *Dutton v. Evans,* 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970). Although we do not doubt the existence of this informant, he was never present, nor did he testify at the trial. The purpose of a defendant's right to confront a witness who testifies against him or her is not only to allow the defendant a chance at cross-examination, but to allow the jury to observe, and judge the credibility of the witnesses. The Supreme Court summarized the importance of the confrontation clause when it stated:

> The mission of the Confrontation Clause is to advance practical concern for the accuracy of the truth-determining process in criminal trials by assuring that 'the trier of fact [has] a satisfactory basis for evaluating the truth of the prior statement.'

*Dutton,* 400 U.S. at 89, 91 S.Ct. at 220, quoting *California v. Green,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1969).

In analyzing a confrontation clause inquiry, the court must initially determine whether the out-of-court statements are within the hearsay rule. The trial court concluded and we agree that the statements elicited by the prosecutor of the investigating officers were hearsay. Although the officers' testimony may not have quoted the exact words of the informant, the nature and substance of the statements suggesting there was an eyewitness and what he knew was readily inferred. *See Favre v. Henderson,* 464 F.2d 359, 362 (5th Cir.), *cert. denied,* 409 U.S. 942, 93 S.Ct. 235, 34 L.Ed.2d 193 (1972). Indeed, the violation became clear when the prosecutor in final argument, urged the jury to draw the inference that the witness knew who committed the crime but was afraid to come to court.

A finding that the statements were hearsay does not necessarily require a finding that the confrontation clause has been violated. *See e.g., Dutton v. Evans,* 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970). To establish that the admission of the hearsay statements did not violate the confrontation clause, the prosecution must show that the out-of-court declarant is unavailable for trial and the statements bear a sufficient indicia of reliability to provide the jury with an adequate basis for evaluating their truth. *Ohio v. Roberts,* 448 U.S. 56, 62–66, 100 S.Ct. 2531, 2537–39, 65 L.Ed.2d 597 (1980). In this case neither of the above requirements were established. The prosecution's only answer to the nonproduction of the informant was that the investigating officers refused to identify the witness. Additionally, the prosecution provided no basis for evaluating the credibility of the unnamed informant. Accordingly, having not met either requirement under *Roberts,* the admission of these statements violated the confrontation clause. *See Mancusi v. Stubbs,* 408 U.S. 204, 92 S.Ct. 2308, 33 L.Ed.2d 293 (1972); *Hoover v. Beto,* 467 F.2d 516 (5th Cir.), *cert. denied,* 409 U.S. 1086, 93 S.Ct. 703, 34 L.Ed.2d 673 (1972).

It is also a fundamental principle of trial practice that a prosecutor may not seek to obtain a conviction by presenting to the jury any evidence outside of the record. *United States v. Vera,* 701 F.2d 1349 (11th Cir.1983). The prosecutor clearly went outside the record of this case when he explained to the jury that there was an eyewitness informant who told the police that Hutchins was the perpetrator of the crime. The trial court concluded, and we agree, that the prosecutor's reliance on the hearsay testimony in closing argument was such that a reasonable juror could have concluded only that the informant identified Hutchins as the perpetrator of the robbery. The use of this testimony in closing argument and the easily drawn inferences therefrom, constituted hearsay and violated the confrontation clause, thereby denying Hutchins a fair trial. *See Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597

(1980); *see also Favre v. Henderson,* 464 F.2d 359, 362 (5th Cir.), *cert. denied,* 409 U.S. 942, 93 S.Ct. 235, 34 L.Ed.2d 193 (1972).

■ The prosecution submits that even if the admission of the challenged statements and his reliance upon them in closing argument was error, it was harmless because the petitioner was identified at trial by the victim of the robbery. The standards for determining whether a constitutional violation is harmless are well established. If there is "a reasonable possibility that the evidence complained of might have contributed to the conviction," the error is not harmless. *Fahy v. Connecticut,* 375 U.S. 85, 86–87, 84 S.Ct. 229, 230, 11 L.Ed.2d 171 (1963); *see also Milton v. Wainwright,* 407 U.S. 371, 372–73, 92 S.Ct. 2174, 2175–76, 33 L.Ed.2d 1 (1972); *Zilka v. Estelle,* 529 F.2d 388, 390 (5th Cir.1976). Once a constitutional error is established, there is a presumption of prejudice and the burden is on the beneficiary of the error to prove beyond a reasonable doubt that the error did not contribute to the verdict. *Zilka v. Estelle,* 529 F.2d 388, 390 (5th Cir.1976); *see Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

■ In this proceeding, the prosecution has not carried its burden of persuading this court that the error was harmless. Although there was one in court positive identification of the petitioner, this identification was vigorously challenged and somewhat equivocal. There is a total absence of any corroborative testimony of the identity of Hutchins.

However, we are also confronted with a procedural question of whether Hutchins sufficiently exhausted state remedies before filing this habeas action. After Hutchins was found guilty at trial, he filed a timely appeal to the Florida appellate court where his conviction was affirmed. *Hutchins v. State,* 349 So.2d 1237 (Fla.App.1977). The main issue presented on appeal to the Florida appellate court, as stated in petitioner's brief, was as follows:

Whether the trial court erred in allowing prosecutorial comments regarding the investigating officers' encounters with an unidentified third person to pervade the entire trial, where the only purpose of this argument was to lead the jury to draw the impermissible inference that this third person had identified the defendant as the perpetrator of the charged crime, but was afraid to testify in court.

Petitioner subsequently filed a *pro se* motion for post conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. This motion was denied and no appeal was taken. Petitioner then filed a *pro se* petition for writ of habeas corpus in the federal district court. Four issues were raised in this petition: (1) denial of a speedy trial; (2) exclusion of defense evidence; (3) suppression by the prosecution of favorable evidence; and (4) the unconstitutional admission of hearsay testimony. The trial court dismissed the petition without prejudice concluding that only two of the four grounds raised had been exhausted. One of the two grounds held to have been exhausted was the claim of unconstitutional admission of hearsay testimony. Petitioner chose not to file any further petitions in state court. Rather, petitioner filed a second petition in the federal court alleging three grounds for relief: (1) the trial court's denial of defense counsel's request to produce a witness; (2) the unconstitutional admission of hearsay testimony; (3) the unconstitutional failure of the prosecution to disclose evidence favorable to the defense.

In response to this petition, respondent filed a motion to dismiss, conceding that the first and second grounds presented by petitioner had been exhausted, but that the third ground had not been presented to the state court. Respondent further requested that petitioner state his intentions regarding the speedy trial claim which was presented in the first petition for habeas, but was not mentioned in the second petition.

The petitioner filed an election of remedies forever waiving his speedy trial claims. Petitioner then filed a memorandum of law in support of his petition, proceeding only

on the two claims which had been exhausted; (1) the unconstitutional admission of hearsay evidence; and (2) the trial court's denial of the production of witness. These two claims, as presented in petitioner's memorandum to the court were stated as follows:

8A. The exclusion by the trial court of relevant and material exculpatory evidence offered by petitioner, in violation of the Compulsory Process Clause of the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States. B. The admission by the trial court of incriminating out-of-court statements of an unidentified and undisclosed informant, in violation of the Confrontation Clause of the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

In response to this memorandum, the respondent, realized that the concession that the claim of unconstitutional admission of hearsay had been exhausted was erroneous. Respondent contended that although it was clear from this final petition that Hutchins was raising a confrontation clause claim, he had never previously raised this claim in the state courts. Rather, petitioner had presented only a hearsay claim. The words confrontation clause had not been used by petitioner in any of his prior petitions in state or federal court and, therefore, according to the respondent this issue had either been waived or must be asserted in the state court prior to being considered by the federal court. *See Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).

The magistrate concluded that the confrontation clause claim was properly before him and that the respondent "ha[d] failed to present an acceptable or justifiable excuse for its failure to previously assert these procedural claims." The magistrate further concluded that the admission of the hearsay testimony and the prosecutor's comments in closing argument referring to the testimony about the anonymous informant violated petitioner's rights under the confrontation clause of the sixth amendment. Accordingly, the magistrate recommended that the writ of habeas corpus be granted. The district court adopted this recommendation.

Respondent argues that the confrontation clause claim raised by Hutchins in his present petition was never presented to the Florida Courts and, therefore, the issue has been either waived or must yet be exhausted under *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) and *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Respondent contends that the petitioner, on direct appeal, raised the issues of the admission of hearsay evidence and prosecutorial misconduct, not a sixth amendment confrontation clause claim.

■ The Supreme Court has mandated that when there has been a procedural default which bars state litigation of a constitutional claim, a state prisoner may not subsequently obtain habeas relief absent a showing of cause and actual prejudice. *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783 (1982); *see Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). The failure to abide by a state procedural rule in preserving an error for appeal or in asserting that error on appeal bars federal habeas review of the claims not presented to the state courts. *Ford v. Strickland,* 696 F.2d 804, 816–17 (11th Cir.1983); *see also Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). The issue presented to us is whether there existed a procedural default in this instance.

■ The trial record is replete with objections by defense counsel to the testimony regarding the out-of-court statements of the unidentified informant. Although the phrasing of the issue on direct appeal did not use the words "confrontation clause," the appeal clearly presented the problem of allowing and urging the jury to infer that an unnamed non-testifying witness had identified the petitioner. The fifth circuit has held that objection on hearsay grounds

is sufficient to present a state court with a subsequently raised federal constitution confrontation clause claim. *Thomas v. Estelle,* 582 F.2d 939, 941 (5th Cir.1978). The applicable law requires that a habeas corpus petitioner present "the substance of a federal habeas corpus claim" to the state courts. *Pickard v. Connor,* 404 U.S. 270, 278, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971). However, it is not required that the petitioner present book and verse on the federal constitution. *Id.* We are mindful of respondent's citation to *Anderson v. Harless,* —— U.S. ——, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982), for the proposition that the petitioner must couch his claim so as to allow a state court to rule on any applicable constitutional grounds. The Court in *Harles,* however, still focused on the premise that it is the substance of the claim that the court looks to in analyzing whether a federal claim has been voiced.

■ We conclude that the issue, as presented on direct appeal, albeit obliquely stated, did sufficiently alert the state court to a confrontation issue. The substance of petitioner's claim was that the prosecution obtained an unfair advantage by effectively introducing into evidence the out-of-court statements of the unidentified informant. The prosecution then relied upon those statements as evidence of the petitioner's guilt. This is exactly what the confrontation clause is designed to prohibit. *See California v. Green,* 399 U.S. 149, 157–59, 90 S.Ct. 1930, 1934–35, 26 L.Ed.2d 489 (1970); *Barber v. Page,* 390 U.S. 719, 721–22, 88 S.Ct. 1318, 1320–21, 20 L.Ed.2d 255 (1968); *United States v. Ragano,* 476 F.2d 410, 414–15 (5th Cir.1973).

■ The Florida appellate court affirmed petitioner's conviction without any written opinion. It is, therefore, presumed that the court addressed petitioner's claim and rejected it. *Smith v. Digmon,* 434 U.S. 332, 333–34, 98 S.Ct. 597, 598–99, 54 L.Ed.2d 582 (1978); *Carr v. State of Alabama,* 586 F.2d 462, 464–65 (5th Cir.1978). We find that the confrontation issue was presented to the state appellate court and the issue has been sufficiently exhausted.

■ Although we have concluded that petitioner's federal habeas claim is properly before this court, we do not condone the manner in which it was presented. The mere raising of a hearsay claim is not the automatic equivalent of raising a confrontation clause claim. Although the two principles may have stemmed from the same roots, they have never been equated. *See Dutton v. Evans,* 400 U.S. 74, 86, 91 S.Ct. 210, 218, 27 L.Ed.2d 213 (1970); *United States v. Thevis,* 665 F.2d 616, 632 (5th Cir. Unit B. 1982). Exhaustion of state remedies is not simply a procedural mechanism for determining a state prisoner's ability to enter the federal court system. Rather, exhaustion was designed to ensure that state courts have the initial opportunity to determine a defendant's rights under both state and federal law. *See Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). The state possesses the primary authority to define and enforce criminal laws, as well as the responsibility of vindicating constitutional rights. Federal intrusion into the state court system frustrates the State's power to punish offenders in accordance with the law. *Id.* 102 S.Ct. at 1571; *see Schneckloth v. Bustamonte,* 412 U.S. 218, 263–65, 93 S.Ct. 2041, 2066–67, 36 L.Ed.2d 854 (1973) (Powell, J., concurring). Accordingly, when a criminal defendant perceives a constitutional error during the course of the trial, it is defense counsel's responsibility to raise the error both at trial and on appeal in clear and forthright terms thereby alerting the state to the perceived error.

It is this court's conclusion that petitioner did sufficiently alert the state court to his confrontation clause claim, despite the inartful wording of his brief. Because we conclude that this case is properly before us and because there was a clear violation of petitioner's rights to confrontation, we AFFIRM the grant of the writ by the trial court.