UNITED STATES of America ex rel.
Randall WEIDNER (N–14385)
Petitioner,

v.

James H. THIERET, Warden, Menard Correctional Facility, and the Attorney General of the State of Illinois, Respondents.

No. 87 C 4157.

United States District Court,
N.D. Illinois, E.D.

March 9, 1988.

Randall Weidner, pro se.

Edward Feldman, Northwestern University Legal Clinic, Chicago, Ill., for petitioner.

Mark Rotert, Terence M. Madsen, Asst. Attys. Gen., Chicago, Ill., for respondents.

### MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Petitioner Randall Weidner seeks federal habeas relief under 28 U.S.C. § 2254 (1982) from his murder and rape conviction. For the reasons stated herein, the petition is denied.

### I

#### Factual Background

Weidner was arrested by the Calumet City police on August 14, 1979, for the murder of Sharon Visnak. At the time, he was seventeen years old with an eighth-grade education. The police brought Weidner to the police station, and Officers Kelly Matthews and Ronald Dorsey proceeded to interrogate Weidner without an attorney present. As a result of the interrogation, Weidner made certain incriminating statements. Prior to his trial, Weidner moved to suppress the statements. He argued that coercive techniques used by the police during interrogation, combined with his age, limited education, inexperience with police interrogation and mental incapacity, rendered the statements inadmissible under the Fifth and Fourteenth Amendments. At the conclusion of the suppression hearing, the trial court denied the motion to suppress and orally presented its decisions and reasoning. The trial court expressly found that Weidner was duly advised of his *Mi-*

*randa* rights on at least three occasions; that the State met its burden of showing that Weidner knowingly and voluntarily waived his right to remain silent; and that the "evidence elicited and the totality of the circumstances" demonstrated "that the statement or statements were given voluntarily and that no threats, coercion or otherwise induced such statements." Report of Motion to Suppress Hearings ("Record") at 313–14.

At trial, the prosecution relied primarily on Weidner's incriminating statements and the confessions of the co-defendants. Answer at 4. The jury found Weidner guilty of rape, murder and conspiracy to commit murder. Weidner was sentenced to concurrent terms of eighty years for murder and sixty years for rape.

Weidner appealed the conviction to the Illinois Appellate Court, arguing among other things that the incriminating statements were inadmissible and that the court's refusal to admit the testimony of Father Mahon, one of Weidner's witnesses, was reversible error. The appellate court upheld the conviction, finding that the record supports the trial court's decision that the confession was knowing and voluntary and that the proffered testimony was inadmissible hearsay under Illinois law and therefore properly excluded. *People v. Visnack*, 135 Ill.App.3d 113, 89 Ill.Dec. 901, 481 N.E.2d 744 (1st Dist.1985). The Illinois Supreme Court denied Weidner's petition for leave to appeal.

## II

### Admissibility of the Incriminating Statements

Weidner's first claim for habeas relief essentially restates his position at the state suppression hearing—that the combination of the following facts render his confession unknowing and involuntary and thereby inadmissible under the Fifth and Fourteenth Amendments: Weidner was subjected to threats from Officer Matthews, and, at the time of the confession, he was seventeen years of age with a limited education, inexperienced in police interrogation and suffering from the mental incapacitation of

"organic brain syndrome." Weidner bases his claim on the suppression hearing record or, alternatively, seeks an evidentiary hearing. We find that the record of the suppression hearing fairly supports the explicit and implicit factual findings of the state trial court that Weidner was not subjected to threats or coercion during questioning and that organic brain syndrome did not render Weidner's confession unknowing. We accordingly conclude that the state court constitutionally admitted Weidner's incriminating statements at trial.

### A. Factual Findings

■ The federal habeas statute mandates that we presume correct any state court factual findings "evidenced by a written finding, written opinion, or other reliable and adequate written indicia." 28 U.S. C. § 2254(d). *Wainwright v. Witt*, 469 U.S. 412, 428, 105 S.Ct. 844, 854, 83 L.Ed.2d 841 (1985). This presumption can be overcome if the petitioner demonstrates that the state court did not provide "a full, fair, and adequate hearing" on the petitioner's claim or the petitioner "was otherwise denied due process of law in the State court proceeding." 28 U.S.C. § 2254(d)(6)–(7). The presumption is also overcome if we conclude on the basis of the record of the proceeding that the "factual determination is not fairly supported by the record." § 2254(d)(8). We must independently assess the evidence brought out in the record to assure that any state court factual findings that we accept and apply without our own evidentiary hearing are supported by the evidence presented to the state court. *Demps v. Wainwright*, 805 F.2d 1426 (11th Cir.1986), *cert. denied sub nom., Demps v. Dugger*, — U.S. —, 108 S.Ct. 209, 98 L.Ed.2d 160 (1987). With these guidelines in mind, we now turn to the pertinent factual findings of the state court at the suppression hearing.

The parties do not dispute that at the time of the police interrogation, Weidner was seventeen, had not completed his education beyond the eighth grade and had no prior experience with police interrogation. The parties disputed at the suppression hearing whether Weidner received the *Mi-*

*randa* warnings prior to his confession. The state court found that Weidner had received the warnings more than once, Record at 313–14, and Weidner does not contest that finding here. Memorandum in Support of Amended Petition at 1.

The central factual dispute in this habeas petition is whether Officer Matthews actually threatened or coerced Weidner into making the incriminating statements. Both parties presented testimonial evidence at the suppression hearing to support their respective positions. Weidner testified that Matthews brandished a gun during the interrogation and threatened Weidner with the electric chair if he failed to talk. Record at 253–54. Weidner further testified that Officer Dorsey told him not to be concerned with Matthews and that he "would feel better if [he] talked about what happened." *Id.* at 255. On the other hand, Matthews and Dorsey testified that neither brandished a gun during the interrogation. *Id.* at 13, 39. Dorsey admits that he was carrying a gun in his holster during the interrogation and assumes Matthews was as well. *Id.* at 54. Matthews denies that he had a gun during the questioning. *Id.* at 28. Matthews and Dorsey also denied that Matthews ever threatened Weidner with the electric chair or in other ways coerced his confession. *Id.* at 13, 39.

The state court found "that no threats, coercion or otherwise induced [Weidner's] statements." The state court did not state explicitly whose testimony it found more credible. Weidner contends here that the state court's finding could be interpreted in one of two ways. The state court either believed the testifying officers and found that no threats were made or believed Weidner that threats were made but concluded that such threats did not induce Weidner's confession. Weidner further contends that an evidentiary hearing is necessary to clear up this ambiguity. We disagree.

An ambiguity in the state court's findings on a pertinent factual issue does not necessarily make a *de novo* evidentiary hearing in federal court essential. When the state court's finding of facts are unclear, we must assume that the state court correctly applied the law and gleam from the court's legal conclusions the implicit factual findings. *Marshall v. Lonberger*, 459 U.S. 422, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983); *LaVallee v. Delle Rose*, 410 U.S. 690, 93 S.Ct. 1203, 35 L.Ed.2d 637 (1973). This presumption fails only if there is some evidence that the state court incorrectly applied legal principles or the law applied presents a novel problem. *Townsend v. Sain*, 372 U.S. 293, 314–15, 83 S.Ct. 745, 758, 9 L.Ed.2d 770 (1963).

The record demonstrates that the state court correctly applied the well-settled law on the admissibility of confessions. As in *LaVallee v. Delle Rose*, in which the Court implied a factual finding from the state court's legal conclusion that the confession was voluntary, the state court here considered the totality of the circumstances, including Weidner's age and the fact that he was read his rights to decide that his confession was voluntary. The factual dispute as to whether Matthews threatened Weidner was resolved on a credibility determination—Weidner's word against that of the officers. Weidner presented no evidence other than his own testimony that threats were made.[1] Thus, this case differs from *Fowler v. Jago*, 683 F.2d 983 (6th Cir.1982), *cert. denied*, 460 U.S. 1098, 103 S.Ct. 1798, 76 L.Ed.2d 363 (1983), in which the federal appellate court refused to recognize an implicit factual finding that no threats were made when evidence in the record beyond the petitioner's testimony supported the petitioner's position, and the state court did not indicate the standards that it applied in coming to its legal conclusion.

In the absence of any evidence that the state court applied incorrect principles

---

1. The excluded testimony of Father Mahon that Weidner told him immediately after the interrogation that he confessed because he was threatened with the electric chair does not alter our conclusion. The Illinois Appellate Court found

that the testimony was properly excluded. *People v. Visnack*, 89 Ill.Dec. at 910, 481 N.E.2d at 753. Further, the testimony is cumulative of Weidner's own testimony. *Accord, Demps v. Wainwright*, 805 F.2d at 1435–36.

of law, we conclude that the only factual finding that could support the legal conclusion that Weidner's confession was voluntary was that no threats were made. As Weidner points out, and the respondent does not dispute, the applicable law is clear. State officials cannot extract a confession from an individual in custody by "any sort of threats or violence, nor obtained by any direct or implied promises, however slight." *Malloy v. Hogan*, 378 U.S. 1, 7, 84 S.Ct. 1489, 1493, 12 L.Ed.2d 653 (1964), *quoting Bram v. United States*, 168 U.S. 532, 542–43, 18 S.Ct. 183, 186–87, 42 L.Ed. 568 (1897). If Matthews threatened Weidner, the confession was involuntary and therefore inadmissible.

Accordingly, the trial court's legal conclusion that the statements were given voluntarily contains an implicit factual finding against Weidner's credibility. Nothing in the record detracts from that factual finding, so we presume that it is correct. *See also Lindsey v. Smith*, 820 F.2d 1137, 1150, *reh'g denied*, 828 F.2d 775 (11th Cir. 1987); *Harris v. Pullman Standard, Inc.*, 809 F.2d 1495 (11th Cir.1987); *United States ex rel. James v. Placek*, 546 F.2d 1298, 1306 (7th Cir.1976).[2]

■ The final factual dispute which we must resolve is whether Weidner's mental incapacity, allegedly resulting from organic brain syndrome, rendered the waiver of his *Miranda* rights unknowing and unintelligent.[3] While the state court's finding of voluntariness is a question of law entitled to independent review by the federal courts, *Miller v. Fenton*, 474 U.S. 104, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985),[4] the issue of the knowingness of waiver is a question of fact, and therefore the state court's finding must be presumed correct in a federal habeas proceeding if the finding is fairly supported by the record. *Perri v. Director, Dept. of Corrections*, 817 F.2d 448 (7th Cir.), *cert. denied*, —— U.S. ——, 108 S.Ct. 135, 98 L.Ed.2d 92 (1987).

■ The state court expressly held that the confession was knowing and intelligent. Record at 132. The record supports that factual finding. Weidner's responses to direct and cross-examination during the suppression hearing demonstrated that he was able to understand the questions and answer articulately. Father Mahon testified that he had no difficulty understanding Weidner during his interview of Weidner after Weidner's interrogation. *Id.* at 243. To support his position, Weidner presented the expert testimony of Dr. Ziporyn, a psychiatrist, that Weidner suffered from the impaired comprehension and judgment of organic brain syndrome, a mental illness resulting from the prolonged abuse of drugs and alcohol. *Id.* at 109–34. This conclusion was based on an evaluation eleven months after the interrogation. The state did not present any witnesses rebutting the doctor's testimony, but relied on an extensive cross-examination of the doctor. *Id.* at 135–214. We share the state court's skepticism of the psychiatrist's ability to "extrapolate back eleven and a half months" from his examination of Weidner to discern Weidner's mental capacity at the time of the interrogation. *Id.* at 312. We further question the reliability of the doctor's conclusions based upon the brief examination that he gave Weidner. Having found ample support in the record for the state court's factual finding, we presume for the purposes of this petition that Weidner knowingly and intelligently waived his

---

2. Weidner and the interrogating officers also presented conflicting testimony as to whether Weidner requested a phone call to his parents. Record at 13, 38, 257. Again, the state court's legal conclusion indicates that it believed the officers' testimony.

3. Having found that we are bound to the state court's implicit finding that the interrogating officers did not threaten or coerce Weidner, Weidner's mental capacity goes only to the issue of whether the waiver of his *Miranda* rights was knowing and intelligent. The Supreme Court

held in *Colorado v. Connelly*, 479 U.S. 157, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986), that in the absence of any police coercion, the mental condition of the accused does not implicate the voluntariness of a confession.

4. "To be sure, subsidiary factual questions, such as ... whether in fact the police engaged in the intimidation tactics alleged by the defendant are entitled to the 2254(d) presumption" of correctness. (Citations omitted.) *Miller v. Fenton*, 106 S.Ct. at 451.

*Miranda* rights when he made the incriminating statements.

## B.  Conclusions of Law

■ Having set forth the factual findings to which we are bound in this petition, we must now inquire "into the totality of the circumstances surrounding the interrogation, to ascertain whether the accused in fact knowingly and voluntarily decided to forego his rights to remain silent and to have the assistance of counsel," *Fare v. C.*, 442 U.S. 707, 725, 99 S.Ct. 2560, 2572, 61 L.Ed.2d 197 *reh'g denied*, 444 U.S. 887, 100 S.Ct. 186, 62 L.Ed.2d 121 (1979). We consider a number of factors: the accused's age, education level, level of intelligence, mental capacity, the length of his detention and the interrogation sessions and the absence or presence or coercion. No one factor is dispositive by itself. *Schneckloth v. Bustamonte*, 412 U.S. 218, 226, 93 S.Ct. 2041, 2047, 36 L.Ed.2d 854 (1973).

■ Weidner received the *Miranda* warnings, indicated that he understood them and signed a form to that effect. Record at 37, 313–14. He did not request the presence of an attorney. The interrogation came shortly after his arrival at the police station. *Id.* at 8, 249–260. The record supports the state court's finding that, despite his age, limited education, inexperience with police interrogation and alleged mental incapacity due to prolonged drug abuse, Weidner knowingly and intelligently waived his *Miranda* rights. The interrogating officers did not coerce Weidner to confess by threats or implied promises of leniency.

On the basis of the state court's explicit and implicit factual findings which we find fairly supported in the record, we conclude that under the totality of the circumstances, Weidner knowingly and voluntarily waived his *Miranda* rights. Accordingly, the admission of his confession at trial did not run afoul of the Fifth and Fourteenth Amendments, and Weidner's writ of habeas corpus as to that claim is denied.

## III

### Exclusion of Testimony at the Hearing

Weidner contends that the state court's exclusion of Father Mahon's testimony that Weidner told him that he was threatened during interrogation deprived Weidner of his Sixth Amendment right to call witnesses in his behalf and his Fourteenth Amendment right to due process of law, thereby rendering the conviction unconstitutional. Respondents argue that Weidner's failure to raise this claim in his state court appeal as a violation of the United States Constitution precludes his raising it here. We agree with respondents and accordingly dismiss this claim as an independent basis for habeas relief.

■ A state prisoner waives his claim for federal habeas relief if he does not raise the claim in the state courts, absent a showing of cause and actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783, *reh'g denied*, 456 U.S. 1001, 102 S.Ct. 2286, 73 L.Ed.2d 1296 (1982). "It is not enough that all facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982). The accused must present the claim "in such a way as to fairly alert the state court to any applicable constitutional grounds for the claim." *United States ex rel. Sullivan v. Fairman*, 731 F.2d 450, 453 (7th Cir. 1984). The accused, however, need not have cited "book and verse on the federal constitution." *Picard v. Connor*, 404 U.S. 270, 278, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971). "It is sufficient that the 'substantial equivalent' or 'substance' of the federal habeas corpus claim has been presented" to the state courts. *Toney v. Franzen*, 687 F.2d 1016, 1022 (7th Cir.1982).

■ Weidner did not "fairly alert" the state courts to the federal basis for his challenge to the exclusion of Father Mahon's testimony. He argued only Illinois evidence law in his state appeals. He cited only three Illinois cases in support of his position. *People v. Slago*, 58 Ill.App.3d

1009, 16 Ill.Dec. 392, 374 N.E.2d 1270 (2d Dist.1978); *In re Lamb,* 61 Ill.2d 383, 336 N.E.2d 753 (1975); *People v. Carpenter,* 28 Ill.2d 116, 190 N.E.2d 738 (1963). None of these cases analyzed the admissibility of hearsay under the Sixth Amendment.[5] *Compare Anderson v. Harless,* 459 U.S. at 7, 103 S.Ct. at 277–78; *Sullivan v. Fairman,* 731 F.2d at 453–54. Further, the Illinois Appellate Court's analysis concentrated solely on Illinois law, indicating it did not discern a federal claim. *People v. Visnack,* 89 Ill.Dec. at 910, 481 N.E.2d at 753.[6]

In an attempt to overcome waiver, Weidner relies heavily on *Hutchins v. Wainwright,* 715 F.2d 512 (11th Cir.1983), *cert. denied,* 465 U.S. 1071, 104 S.Ct. 1427, 79 L.Ed.2d 751 (1984). In that case, the court held that waiver did not bar the accused's federal challenge to the state's use of hearsay at trial even though he did not expressly argue the Sixth Amendment at the state level. We find *Hutchins* inapplicable here on two significant grounds. The petitioner in *Hutchins* did not identify his challenge as based on federal law, state law or both, whereas Weidner clearly couched his claim at the state level solely in terms of Illinois law. Further, the state court's opinion in *Hutchins* did not indicate whether its decision was based on federal or state law, suggesting that it might have applied both. *Id.* at 519. Here, the Illinois Appellate Court clearly based its decision solely upon state law.

■ We consider *United States ex rel. Nance v. Fairman,* 707 F.2d 936 (7th Cir. 1983), controlling in this case. There, the Seventh Circuit held that the state law claim raised at the state level was not substantially equivalent to the federal law claim first raised in the habeas petition. The petitioner challenged the state court's exclusion of certain cross-examination at trial. He first raised a Sixth Amendment challenge in his federal petition. The Seventh Circuit barred that challenge since the federal claim required an additional inquiry into whether the exclusion of testimony was prejudicial to the petitioner's case. Here, Weidner's federal claim also requires an additional inquiry into whether the exclusion of testimony denied Weidner evidence critical to his case. *Chambers v. Mississippi,* 410 U.S. 284, 302, 93 S.Ct. 1038, 1049, 35 L.Ed.2d 297 (1973); *Sharlow v. Israel,* 767 F.2d 373, 377–78 (7th Cir. 1985), *cert. denied sub nom., Sharlow v. Young,* 475 U.S. 1022, 106 S.Ct. 1212, 89 L.Ed.2d 324 (1986). That the criteria under Illinois law coincide in part with those of the federal analysis does not render the claims substantially equivalent. As in *Nance,* Weidner's federal claim contains a key additional inquiry, the absence of which in Weidner's challenge at the state level renders the federal claim waived. Accordingly, habeas relief on that claim is denied.

## IV

### Conclusion

The explicit and implicit factual findings of the state court are fairly supported in the record and demonstrate that Weidner's incriminating statements were constitutionally admissible at trial. Weidner waived his federal challenge to the exclusion of testimony proffered at trial. Accordingly, the petition for writ of habeas corpus is denied. It is so ordered.

---

**5.** In *Slago,* the court cited one federal decision, but only in passing and not in the context of the Sixth Amendment analysis that Weidner presents here. 16 Ill.Dec. at 397, 374 N.E.2d at 1275. *Compare Washington v. Lane,* 840 F.2d 443, 445 (7th Cir.1988).

**6.** A federal constitutional claim squarely raised in arguments before a state court is not waived if the state court fails to address the federal claim. *Smith v. Digmon,* 434 U.S. 332, 333, 98 S.Ct. 597, 598, 54 L.Ed.2d 582 (1978). However, when the petitioner fails to explicitly raise the federal claim, that the state court did not apply federal law is evidence that the state court was not fairly alerted to the federal challenge. *See, e.g., Sullivan v. Fairman,* 731 F.2d at 453–54.