**UNITED STATES of America ex rel. Randall WEIDNER, Petitioner,**

v.

**James H. THIERET, Warden, Menard Correctional Facility, and Neil F. Hartigan Attorney, General of the State of Illinois, Respondents.**

**No. 87 C 04157.**

United States District Court, N.D. Illinois, E.D.

April 19, 1990.

Randall Weidner, Menard, Ill., James Whitehead, Sidley & Austin, Chicago, Ill., for petitioner.

Jack Donatelli, Atty. General's Office, Crim. Appeals Div., Chicago, Ill., for respondents.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Randall Weidner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently before us is the supplemental affidavit of Judge Richard L. Samuels and the Renewed Motion of Petitioner Randall Weidner With Respect to Procedures on Remand from the United States Court of Appeals. Before addressing the merits of Weidner's petition and motion, we review the confusing procedural history of this case in order to clarify the current posture of the petition.

In 1981, Randall Weidner was convicted of the rape and murder of Sharon Visnack. Before his trial, he moved to suppress a confession that he had given to the police after he was arrested. He claimed that the police had coerced this confession by brandishing a gun, threatening him with the electric chair, and denying him the opportunity to call his parents. In addition, a psychiatrist testified that Weidner suffered from brain damage. Judge Samuels, of the Circuit Court of Cook County, held that the confession was voluntary. However, he did not make specific findings of fact re-

garding exactly what transpired at the time Weidner confessed to the police.

In 1987, Weidner petitioned this Court for a writ of habeas corpus on the ground that the admission of evidence regarding his confession violated his rights under the Due Process Clause of the Constitution. Although Judge Samuels had not made specific findings of fact, we found that the confession was voluntary. We stated that Judge Samuels' findings of fact were implicit in his conclusion that the confession was not coerced. Accordingly, we denied the petition without an evidentiary hearing. *Weidner v. Thieret,* 683 F.Supp. 1195 (N.D. Ill.1988).

Weidner appealed the dismissal of his petition to the Seventh Circuit, which reversed our order. *Weidner v. Thieret,* 866 F.2d 958 (7th Cir.1989). The Court held that we erred when we assumed the facts underlying Judge Samuels' decision to admit the confession into evidence. *Id.* at 960. Although the Seventh Circuit acknowledged that a "state judge is not required to make detailed findings of fact in deciding that a confession is admissible," the Court stated that Judge Samuels' findings of fact were insufficient to allow a district court to evaluate the merits of Weidner's constitutional claim. *Id.* at 963.

The Seventh Circuit remanded the cause to us with specific instructions. The Court suggested two alternative means of determining the facts surrounding Weidner's confession. "On remand, the state can if it wants submit an affidavit from the state trial judge explaining his cryptic and ambiguous ruling. Alternatively, Weidner and the police officers can be called to testify about what went on during the interrogation, and the district judge can make his own findings of fact." *Id.* at 963.

The State chose to pursue the first alternative suggested by the Seventh Circuit. On July 7, 1989, it filed the affidavit of Judge Richard L. Samuels. Although the affidavit clarified Judge Samuel's ruling to some extent, we found that it lacked the specificity apparently contemplated by the Seventh Circuit. Accordingly, we ordered the State to submit a supplemental affida-

vit of Judge Samuel's that spelled out his specific findings of facts with regard to Weidner's confession. (Order, Oct. 6, 1989).

Judge Samuel's supplemental affidavit, submitted pursuant to this order, details his findings of fact, and leaves no question as to the basis for his decision to admit the confession into evidence. The Judge states that he found that Weidner had not been threatened with a gun or the electric chair, and that the conduct of the investigating police officers and State's attorneys had been proper in all respects.

This affidavit would seem to erase all doubt concerning the constitutionality of Weidner's confession. The facts, as found by Judge Samuels, indicate that the confession was purely voluntary. In addition, these facts are fairly supported by the transcript of the proceedings. Indeed, Weidner does not dispute that the facts contained in the supplemental affidavit are sufficient to establish the constitutionality of the confession.

Rather than responding to the factual contentions contained in the supplemental affidavit, Weidner has filed a renewed motion with respect to procedures on remand. According to Weidner, we should adopt one of three procedural alternatives. First, Weidner proposes that if we choose to accept the supplemental affidavit, we should hold a hearing at which the State would present Judge Samuel's live oral testimony. Weidner would then have the opportunity to cross-examine Judge Samuels. The second alternative is a slight variation on the first. Weidner suggests that if we are hesitant to order a hearing at which Judge Samuels would be forced to testify, we should allow him to take the video deposition of Judge Samuels. The final alternative, and the one most desirable to Weidner, is that we strike the supplemental affidavit in its entirety and hold an evidentiary hearing at which both parties could present any admissible evidence.

The first two alternatives proposed by Weidner are beyond the scope of the procedure for remand envisioned by the Seventh Circuit. Indeed, the Seventh Circuit explic-

itly foreclosed the possibility of forcing Judge Samuels to testify and be subject to cross-examination. "[I]t would be unseemly for a federal district judge to summon the state trial judge as a witness in a federal habeas corpus proceeding to give testimony and be cross-examined with respect to the implicit findings that he may have made many years earlier." *Weidner*, 866 F.2d at 963. While Weidner may perceive a difference between live and videotaped testimony, we do not. Therefore, because they contemplate procedures already rejected by the Seventh Circuit, we reject the first two alternatives proposed by Weidner.

As his primary proposed procedure, Weidner suggests that we strike Judge Samuels' supplemental affidavit and hold an evidentiary hearing. In support of this proposal, Weidner submits the joint affidavit of cognitive psychologists Lyn Haber and Richard Haber.[1] In their opinion, it is impossible for Judge Samuels to have an independent recollection of his findings of fact during the suppression hearing. Weidner asserts that because Judge Samuels cannot have an independent recollection of the suppression hearing, we should strike the affidavit and order a hearing at which both parties could introduce any admissible evidence.

We find this proposal to be unacceptable. The relief sought by Weidner would be equally applicable to every evidentiary affidavit filed with the courts, since all such affidavits would be subject to the same collateral attack, i.e. an evidentiary hearing to impeach the affiant's memory. This, of course, would have a predictable chilling effect on affidavit pleading generally. Why file an evidentiary affidavit in the first place if it will not avoid the necessity of an evidentiary hearing? We are not prepared at this time to accept the nullification of affidavit pleading on the broad based psychological grounds proposed by Weidner. Nor do we believe the Seventh Circuit is so prepared.[2] In its opinion remanding the case to us, the Seventh Circuit explained that the affidavit procedure followed by the State was an acceptable means of clarifying Judge Samuels' factual findings. Weidner's attack on the credibility of the affidavit is nothing more than an attempt to evade the mandate of the Seventh Circuit.

Because the findings of fact set forth in Judge Samuels' affidavit are fairly supported by the record, and establish the constitutionality of Weidner's confession, we dismiss the petition for habeas corpus. It is so ordered.

---

1. The Habers are apparently attempting to break new psychological ground. To the knowledge of this Court, the recall ability required for judicial factfinding has not been subject to the same psychological attack as the alleged fallibilities of eyewitness identification. *See* the writings of eyewitness identification psychologist guru Dr. Elizabeth Loftus, including *Eyewitness Testimony: Psychological Perspectives* (Wells & Loftus eds. 1984).

2. Indeed, the author of the Seventh Circuit Weidner opinion is well acquainted with the pertinent psychological literature. *Cf. Krist v. Eli Lilly,* 897 F.2d 293 (7th Cir.1990).