CHARLES BUCK PATTERSON V. STATE.

No. 26,868. March 3, 1954.

*M. Gabriel Nahas, Jr.*, and *D. B. Mauzy*, Houston, for appellant.

*William H. Scott*, District Attorney, *King C. Haynie*, Assistant District Attorney, Houston, and *Wesley Dice*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is aggravated assault with a motor vehicle; the punishment, a fine of $150.00.

It was established by the state's witnesses that an automobile occupied by Mr. Pate and his family was involved in a head-on collision with a Ford automobile which cut over onto Mr. Pate's side of the road.

The sole question presented for review is the sufficiency of the evidence to show that the appellant was the driver of the Ford. Neither Mr. or Mrs. Pate identified the driver. Mrs. Pate's son testified on direct examination that the appellant was the driver of the automobile in question. On cross-exami-

nation he admitted that he was asleep at the time of the collision. On re-direct he testified as follows:

"A. When I got out of the car, he walked around—
"Q. Was anybody else in that car that you saw? A. No, sir."

Later on, the court asked the witness, "Did you actually see him get out of the car?" to which the witness replied, "Yes, sir." He was then questioned as follows:

"Q. Which side did he get out of? A. The left side.
"Q. Which side is the steering wheel? Did he get out the same side of the steering wheel? A. The same side.
"Q. Do you know exactly where he was when you first saw him? A. Yes.
"Q. Where? A. At the front fender."

In view of the fact that no other occupants were shown to have been in the Ford, we are constrained to conclude that the above is sufficient to show that the appellant was the driver thereof.

Finding no reversible error, the judgment of tht trial court is affirmed.