LILLIAN R. HOLDER V. STATE

No. 34,037. January 24, 1962
Motion for Rehearing Overruled March 7, 1962

*C. C. Divine,* Houston, and *Brooks Holman,* (On Appeal Only), Austin, for appellant.

*Frank Briscoe,* District Attorney, *Carl E. F. Dally,* Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, 3 days in jail and a fine of $150.00.

A supplemental transcript showing that recognizance was in fact entered after notice of appeal was given has been filed, and our prior opinion dismissing this appeal is withdrawn.

The case was tried before the court without the intervention of a jury.

Appellant's sole contention on appeal is that the evidence is insufficient to support the conviction in that it does not establish that the accident occurred in Harris County, Texas, and does not establish that appellant was the driver of the automobile.

George Clemons testified that he lived at 3437 Simmons Street in Houston, Harris County, Texas; that on the night in question he heard a car hit a bridge approximately 175 feet from his house; that when he got to the scene of the accident three or four minutes after it occurred appellant was seated inside the automobile on the driver's side, and no one else was in the automobile; that he asked appellant if she was hurt, and she said she wanted to call her son; that appellant got out of the automobile and went to find a phone and he went back home; that he was in appellant's company only two or three minutes and was unable to express an opinion as to her intoxication or sobriety.

E. C. Rogers, an accident investigator for the Houston police department, testified that on the night in question he was called to the scene of the accident, which was in the 3400 block of

Simmons Street, a public street and highway in Houston, Harris County, Texas, and that from the fresh tire marks leading to the rear wheels of appellant's automobile it could be determined that the automobile was traveling east on Simmons Street before it collided with the concrete bridge. He further testified that appellant had a small scratch on her right hand and a laceration on her lip; that she was taken to a hospital, where a doctor examined her and placed small bandages over the two lacerations before releasing her; that at the scene of the accident appellant was very belligerent and cursing loudly; that she fought fifteen or twenty minutes before they could get her into the ambulance; that she was unsteady on her feet, had watery, bloodshot eyes, smelled strongly of intoxicants, and was in his opinion intoxicated.

R. A. Joslin, a wrecker driver, testified that he was called to the scene of the accident on the night in question, that he observed appellant staggering when she walked and saw two officers holding her up, that her manner of speech indicated she was intoxicated, and that in his opinion she was intoxicated.

Appellant did not testify and offered no evidence in her own behalf.

Appellant's contention that the evidence is insufficient to establish that the accident occurred in Harris County, Texas, is overruled. Parker v. State, 332 S.W. 2d 568.

We are also unable to agree that the evidence is insufficient to show that appellant was the driver of the automobile. In view of the fact that the evidence shows that appellant was seated behind the steering wheel of the automobile shortly after it collided with the bridge and no other occupants were shown to have been in the automobile, the evidence is sufficient to show that appellant was the driver thereof. Sandford v. State, 334 S.W. 2d 184; Thomas v. State, 162 Texas Cr. Rep. 268, 283 S.W. 2d 933; and Patterson v. State, 159 Texas Cr. Rep. 478, 265 S.W. 2d 120.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment of the trial court is affirmed.