**Edgar THOMAS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45368.**

Court of Criminal Appeals of Texas.

Nov. 22, 1972.

Rehearing Denied Jan. 24, 1973.

John Ellis, Dallas, for appellant.

Henry Wade, Dist. Atty., and Robert T. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for murder. The punishment was assessed by the jury at ninety-nine years.

The sufficiency of the evidence is not challenged. The State's testimony reflects that the appellant killed Tommie Lee Coleman by stabbing him with a knife. The appellant testified that he killed Coleman by stabbing him with a knife. His version was that he took the knife from Coleman and killed him in self-defense.

■ First, complaint is made that the court erred in permitting Officer Thornsberry to testify and repeat what an eyewitness told him at the scene of the homicide. Thornsberry testified that when he arrived shortly after the stabbing, he heard Minnie Patton who was approximately ten or fifteen feet from the appellant talking in a loud voice and could be heard from that distance. He testified that Minnie Patton stated to him that the appellant walked up to Coleman and started arguing with him for no apparent reason, pulled a knife from under his shirt and stabbed him, and that two boys then took the knife and ran off with it. Before the stabbing, the appellant told Coleman that he was not "king of the block" and that he (the appellant) was going to kill him.

It is urged that testimony of Officer Thornsberry was hearsay. There is an exception to hearsay rule where a damaging or incriminating statement is made in the presence of an accused who was not at the time under arrest. The applicable rule is stated in Crestfield v. State, Tex.Cr.App., 471 S.W.2d 50, where it is written:

"'Where a statement or remark is made in defendant's presence, which he understood and which called for a reply, his silence or acquiescence may be shown as a confession where he was not under arrest.' 1 Branch's Ann.P.C. 91, sec. 87."

It appears that from under the circumstances the appellant was not then under arrest and heard the statement and did not reply. It is not necessary to determine if such statements were spontaneous and res gestae. The first complaint is overruled.

■ Next, the appellant complains that the trial court erred in refusing to admit evidence of the deceased's reputation as being a man of violent or dangerous character or whether he was such a person as might reasonably be expected to execute a threat made under Article 1258, Vernon's Ann.P.C.

Assuming there was testimony of threats by the deceased against the appellant to invoke the provisions of Article 1258, supra, this contention will be discussed.

While Officer Thornsberry was on cross-examination, he was asked by counsel for appellant if he had received any previous calls at the scene of the homicide concerning Coleman, the deceased. He answered that he had answered calls there but not on Coleman. He was then asked, "Were you there on Thanksgiving Day when Coleman ——?" An objection was made and counsel for appellant stated he thought he could show its relevance and that Coleman's character was in issue as to whether or not he was a violent type person to be afraid of. The court then sustained the State's objection. Appellant's counsel then elicited from Officer Thornsberry that he did not know Coleman's reputation in the community.

Assuming that the witness knew more than he was permitted to relate, there is nothing before this Court for review. The appellant did not ask the court to retire the jury to adduce the excluded testimony before the reporter or to make an offer of proof in the form of a statement to the judge as provided for in Article 40.-09, Section 6(d)(1), Vernon's Ann.C.C.P. Absent such a showing we have nothing to review. Elliott v. State, Tex.Cr.App., 475 S.W.2d 239, and the cases there cited.

No reversible error has been shown. The judgment is affirmed.