Marol Donna MAXON,
Petitioner-Appellee,

v.

W. J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellant.

No. 76–2943.

United States Court of Appeals,
Fifth Circuit.

Aug. 29, 1977.

Rehearing Denied Oct. 18, 1977.

---

John L. Hill, Atty. Gen., Romaner J. Strong, Jr., Asst. Atty. Gen., Houston, Tex., Dunklin Sullivan, Asst. Atty. Gen., David M. Kendall, Jr., 1st Asst. Atty. Gen., Joe B. Dibrell, Jr., John Pierce Griffin, Calvin Botley, Asst. Attys. Gen., Austin, Tex., for respondent-appellant.

Richard Prinz, Houston, Tex., for petitioner-appellee.

Before THORNBERRY, AINSWORTH and RONEY, Circuit Judges.

PER CURIAM:

Appellant Marol Donna Maxon and her common-law husband, "Buddy" Gill, were tried in Texas state court for the unlawful possession of heroin. At the time the search with a warrant occurred, only Maxon was present in the apartment where the heroin was found. After the trial at which the same retained counsel, Edward Shaw, represented both parties, the jury acquitted Gill but convicted Maxon and assessed punishment at ten years in prison. In 1974, after unsuccessfully pursuing state postconviction remedies, Maxon filed this petition for a writ of habeas corpus in the United States District Court for the Southern District of Texas alleging that a conflict of interest during the trial deprived her of effective assistance of counsel in violation of the sixth and fourteenth amendments of the United States Constitution. The district court granted petitioner Maxon's motion for summary judgment. Respondent W. J. Estelle, Jr., Director, Texas Department of Corrections, now appeals on the ground that the court erred since there were genuine issues of material fact involved in the matter on the issue of effective assistance of counsel, which precluded summary disposition without holding an evidentiary hearing.

In *Fitzgerald v. Estelle*, 5 Cir., 1974, 505 F.2d 1334, *cert. denied*, 422 U.S. 1011, 95 S.Ct. 2636, 45 L.Ed.2d 675 (1975), this court held that the standard for determining ineffective counsel is that "the incompetency of a retained attorney [be] so apparent that a reasonably attentive official of the state should have been aware of . . . it." *Id.* at 1337. Under this criterion the present case clearly requires a full development of the facts to examine the scope of the alleged conflict of interest in the representation of both defendants at trial by a single counsel. Among possible inquiries, an evidentiary hearing is necessary to develop the obviousness of the conflict of interest, the adequacy of the defense provided, and the possible advantages of separate representation.[1]

REVERSED AND REMANDED for further proceedings.

---

1. The facts in this case differ from the obvious conflict of interest in *Foxworth v. Wainwright*, 5 Cir., 1975, 516 F.2d 1072. In that case a group of boys were accused of the murder of one of their companions. There petitioner with separate representation clearly could have furthered his defense by a showing that another boy was solely responsible for the crime.