Edgar THOMAS, Petitioner-Appellee,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellant.

No. 77–2857.

United States Court of Appeals, Fifth Circuit.

Oct. 25, 1978.

John L. Hill, Atty. Gen., Walter C. Prentice, David M. Kendall, Jr., Joe B. Dibrell, Jr., Asst. Attys. Gen., Chief, Enforcement Div., Douglas M. Becker, Austin, Tex., for respondent-appellant.

Edgar Thomas, pro se.

Ken Anderson, Staff Counsel for Inmates, Texas Dept. of Corrections (Court-appointed), Frank Blazek, Huntsville, Tex., for petitioner-appellee.

Before GEWIN, RONEY and GEE, Circuit Judges.

GEWIN, Circuit Judge:

This is an appeal from an order granting habeas corpus relief to Edgar Thomas who had been convicted of murder with malice in 1970 and sentenced to 99 years in the Texas Department of Corrections. The district court granted relief, without a hearing, based on the determination of the U. S. Magistrate that Thomas was denied his right of confrontation.

Appellant contends the court erred by failing to conduct an evidentiary hearing,[1] particularly when it found facts directly contrary to those found by the Texas Court of Criminal Appeals on direct appeal from that same court. Also, appellant contends that relief should have been denied on the ground that appellee's only objection at trial was based on a hearsay objection and not a denial of his right of confrontation. We reverse for an evidentiary hearing.

On November 29, 1969 at approximately 1:00 p. m. in Dallas, Texas, Thomas stabbed Tommy Lee Coleman with a butcher knife resulting in Coleman's death. At trial, Thomas admitted the stabbing, but plead self-defense asserting that Coleman initially had the knife and that he, Thomas, took it away from Coleman and killed him in self-defense.

The key witness for the state was Ms. Harris, the common-law wife of the deceased, who was present at the scene of the alleged murder. At the time of the stabbing she and the deceased were sitting on the stairs of their apartment house when Thomas joined them, exchanged words with the deceased, departed momentarily, returned, then pulled the deceased from a sitting position and stabbed him.

Officer Thornsberry, a Dallas police officer, happened to be only 50 to 75 feet from the scene of the stabbing. He testified that he saw Thomas approach the deceased, exchange words with him and then pull him to his feet by his shirt. The policeman ran to the scene and found the deceased lying on the floor, bleeding to death from a stab wound. The trial court permitted Officer Thornsberry to testify, over the objections of appellee, to statements made to him by Minnie Patton, an eyewitness to the stabbing. He testified that Minnie Patton stated to him that appellee walked up to Coleman, started arguing with him, pulled a knife from under his shirt and stabbed him. Minnie indicated to Officer Thornsberry that prior to the stabbing Thomas told Coleman that he was not "king of the block" and that he, Thomas, was going to kill him.

■ Appellant challenges the sufficiency of the objection made by appellee Thomas at trial. It is clear, under *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) as a prerequisite to federal habeas review, absent a showing of cause and prejudice, the objection at trial must have raised the constitutional issue that is the basis for the appeal. The Texas Court of Criminal Appeals had repeatedly adhered to this position, e. g. *Aldrighetti v. State,* 507 S.W.2d 770 (Tex.Cr.App.1974); *Spead v. State,* 500 S.W.2d 112 (Tex.Cr.App.1973); *Branch v. State,* 477 S.W.2d 893 (Tex.Cr. App.1972). This court has held the Texas "correct contemporaneous objection rule" to be applicable to a federal habeas corpus petition. *Jiminez v. Estelle,* 557 F.2d 506 (5th Cir. 1977).

We must, therefore, determine the merits of appellant's assertion that the objection at trial raised only the issue of hearsay instead of raising the issues of both hearsay and

1. The parties to this case were not given the opportunity to file objections to the magistrate's proposal prior to the district court's action based upon the magistrate's recommendations. It is clear that Rule 8(b) of the Rules governing § 2254 cases provides that each party should be supplied with a copy of the magistrate's proposed findings when the findings are filed with the court and that each party has 10 days after service of the findings in which to file written objections with the court.

Although this court does not base its holding on the district court's failure to follow this procedure, it is evident the court acted improperly and consequently was deprived of any additional information the parties might provide to assist the court in its determination.

confrontation. The trial record reveals that the attorney for Thomas made varied and repeated objections to Officer Thornsberry's testimony concerning statements made to him at the scene by Minnie Patton. The record is silent as to why Minnie Patton did not testify herself.

■ At one point in the trial, appellee's attorney objected stating in part ". . . I will renew my objection to anything that was said by Minnie, because she can be brought down here." We are persuaded, by this objection as well as others in which he stated that he wished to ask Minnie some questions, that the issue of confrontation was sufficiently raised at trial.[2]

It is without dispute that the testimony of Officer Thornsberry pertaining to statements made by Minnie Patton was hearsay. The Texas Court of Criminal Appeals, however, found the testimony to be admissible under a state exception to the hearsay rule. *Thomas v. State,* 488 S.W.2d 777 (Tex.Cr. App.1973). The court applied the *Crestfield* doctrine which allows an exception to the hearsay rule where an incriminating statement is made in the presence of an accused who is not at the time under arrest, is understood by the accused and which calls

for a reply; the silence of the accused may be shown as a confession.[3]

■ In a federal habeas corpus proceeding there is a presumption of correctness that is attached to a state court's fact-findings after a hearing has occurred on the merits of a factual issue. 28 U.S.C. § 2254(d). This presumption is renounced if the record in the state court proceeding does not support the factual determination made by the state court. 28 U.S.C. § 2254(d)(8).

In the instant case the district court adopted the findings of the United States Magistrate without a hearing. The Magistrate, utilizing only the trial transcript, determined that the application of the *Crestfield* doctrine to the facts in this case was improper.

The Magistrate in reaching this conclusion was convinced that the record did not support the finding of the Texas Court of Criminal Appeals that Thomas was not under arrest at the time of Minnie's statement.[4] Also, the Magistrate resolved that the record failed to support a finding that Thomas necessarily heard the incriminating statement made by Minnie.[5]

---

2. This court is troubled by the significance of this challenge of a denial of confrontation under the doctrine espoused in *Dutton v. Evans,* 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970) and followed by this court in *Hoover v. Beto,* 467 F.2d 516 (5th Cir. *en banc*), *cert. denied sub nom. Hoover v. Estelle,* 409 U.S. 1086, 93 S.Ct. 703, 34 L.Ed.2d 673 (1972). While it might be argued that this case can be distinguished from *Dutton* involving co-conspirators and *Hoover* involving the confession of a principal in a trial of an accomplice or through the absence of sufficient "indicia of reliability", this court does not reach the merits of such arguments. This precise question is not vital to our decision and, therefore, will not be decided.

3. *Crestfield v. State,* 471 S.W.2d 50 (Tex.Cr. App.1972).

4. (1) *Arrest of defendant.* I find nothing in the trial record to reflect that this specific issue was raised or that the trial court made any finding about it. The Court of Criminal Appeals stated that "It appears that from under the circumstances the appellant was not then under arrest. . . ." I believe

that finding is contradicted by the record. At the time of the alleged statements made by Minnie Patton to Officer Thornsberry, applicant had already been definitely identified as the person who killed the deceased. He had been personally searched by Officer Thornsberry (R. 136) and was being interrogated about the circumstances of the stabbing. It seems unreasonable to me to conclude that applicant was not under restraint at that time or that he would have been free to leave should he have wished to do so.

Record p. 47.

5. (2) *The statement to be made in the presence of defendant and understood by him.* The record reflects that there were a number of individuals milling around the scene at the time Officer Thornsberry was questioning Minnie Patton and that he was engaged in questioning by another officer at a distance of from 10 to 15 feet. (R. 131). Under such circumstances, I believe the record fails to support a finding that applicant would necessarily have heard Minnie Patton's answers to Officer Thornsberry's questions.

Record p. 47.

We feel that these are important factual determinations that go to the heart of the *Crestfield* exception to the hearsay rule. An independent reading of the trial record reveals that the record fails to establish that Thomas actually heard the incriminating statement by Minnie. Also, the record is ambiguous as to whether Thomas was or was not in custody at the time Minnie's statement was made to Officer Thornsberry. If Thomas was in custody, then the requirements of the hearsay exception were not met and he would have the right to remain silent under the Fifth Amendment.

Both the Texas Court of Criminal Appeals and the Magistrate based their findings exclusively upon the trial court record. With the strong presumption of correctness that normally attaches to the state court's fact-findings and the scant amount of direct testimony on the issues, we feel that a hearing on these factual issues is necessary to ensure a correct determination.

Following the course we took in *Maxon v. Estelle,* 558 F.2d 306 (5th Cir. 1977), we believe the present case clearly requires a fuller development of the facts on all issues raised by appellee than it previously received at the district court level.

REVERSED and REMANDED.