COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| RODNEY MACNEIL, | § | No. 08-10-00161-CR |
| Appellant, | § | Appeal from |
| v. | § | County Court at Law No. 1 |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC # 20080C00889) |
| | § | |

## O P I N I O N

Rodney MacNeil appeals his conviction for the offense of driving while intoxicated. A jury found Appellant guilty and assessed punishment at 180-days confinement in the county jail and a $2,000 fine. For the reasons that follow, we affirm.

### FACTUAL SUMMARY

On December 26, 2007, United States Customs Officer Ashlie Redfield was traveling on Transmountain Road in El Paso. At approximately 9:20 p.m., she stopped for a red light at the intersection of North Desert Boulevard and Transmountain Road. When the light turned green and Redfield proceeded forward, she saw a large cloud of dust and it quickly became apparent that two vehicles had just collided. She arrived at the collision site within ten to fifteen seconds and immediately called 911. As she approached one of the cars, she observed that the driver was injured. She then checked on the driver of the other vehicle, and found Appellant in the driver's seat. Redfield saw no one else inside the vehicle nor did she observe anyone outside the vehicle or leaving the scene of the accident on foot. When Appellant was asked about his condition, he responded, "Yes, I'm fine. I'm a lawyer."

A fireman with the El Paso Fire Department, Tommy Cromeens, arrived at the scene and approached Appellant's vehicle. Cromeens observed Appellant in the driver's seat. Appellant had no visible injuries, but Cromeens asked whether he was hurt. Appellant repeated what he had told Redfield, and stated that he was fine, and that he was lawyer.

Lieutenant Julius Gutierrez of the El Paso Fire Department was also dispatched to the accident scene where he found Appellant sitting in the driver's seat of one of the vehicles. Gutierrez noticed that Appellant appeared to be "a little disoriented." Gutierrez asked Appellant if he knew what had happened and he replied, "I was going straight on the access road." Gutierrez asked Appellant if he had been on South Desert Boulevard and Appellant said, "Yes."

El Paso Police Officer John Chavez arrived after the Fire Department, paramedics, and other police officers so he positioned his vehicle to protect the area. Chavez made contact with Appellant, who was outside of the vehicle, and noticed that his balance was unsteady. Chavez asked Appellant if he needed medical attention, but Appellant was evasive and refused medical treatment. Chavez detected a strong odor of alcohol on Appellant's breath and he observed that Appellant's eyes were watery and red. In addition, Chavez observed that Appellant had a urine stain on his pants. Based on his experience, Chavez believed Appellant to be intoxicated and called a DWI STEP unit for assistance.

El Paso Police Officer Enrique Davila, a certified standard-field-sobriety-test (SFST) instructor at El Paso Police Department, responded to the scene and met with Appellant. Davila noticed that Appellant had a strong odor of alcohol on his breath and his balance was unsteady. Davila administered three field sobriety tests to Appellant: the horizontal gaze nystagmus test, the walk-and-turn test, and the one-leg stand. Appellant failed all three tests. Consequently, he was arrested for DWI and given an opportunity to take a breath test. Appellant could not give a valid

breath specimen due to chest pain so he was transported to a hospital for evaluation. A laboratory test performed at the hospital on a specimen of Appellant's blood showed Appellant had an alcohol concentration of 0.195.

Testifying in his own defense, Appellant claimed that he was not driving the vehicle at the time of the accident and that a person named "Chuy" was driving the car. Appellant had just met "Chuy" on the day of the accident. Appellant does automotive analysis and car dealers occasionally loan him cars to drive. He had been driving the Honda involved in the accident for several months and two people from a car dealership came to his house to pick up the car. One person drove a Ford Explorer and "Chuy" drove the Honda. Appellant was a passenger in the Honda because "Chuy" was going to drop him off at a friend's house. After the accident, Appellant could not open the passenger door so he crawled over the center console into the driver's seat with the intention of exiting through the driver's door. Appellant did not know what had happened to "Chuy" after the accident. Appellant admitted drinking that evening but denied telling anyone that he had been driving the vehicle.

## SUFFICIENCY OF THE EVIDENCE

In Issues One and Two, Appellant contends that the evidence is legally and factually insufficient to prove beyond a reasonable doubt that he operated a motor vehicle. The Court of Criminal Appeals held in *Brooks v. State* that the *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex.Crim.App. 2010). Accordingly, we overrule Issue Two and will review Issue One under the *Jackson v. Virginia* standard.

*Standard of Review*

In reviewing the legal sufficiency of the evidence to support a conviction, an appellate court must consider all of the record evidence in the light most favorable to the verdict, and must determine whether, based on that evidence and reasonable inferences therefrom, any rational trier of fact could have found the defendant guilty of all the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex.Crim.App. 2009). This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789; *Klein v. State*, 273 S.W.3d 297, 302 (Tex.Crim.App. 2008). We consider all of the evidence, whether admissible or inadmissible. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex.Crim.App. 2007); *Wilson v. State*, 7 S.W.3d 136, 141 (Tex.Crim.App. 1999). When the record supports conflicting inferences, we presume that the fact finder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Clayton*, 235 S.W.3d at 778. The same standard of review is used for both direct evidence and circumstantial evidence cases. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007).

## *Operation of the Vehicle*

Appellant complains in Issue One that the State failed to prove beyond a reasonable doubt that he operated the vehicle in which he was found at the scene of the accident. A person commits driving while intoxicated if the person is intoxicated while operating a motor vehicle in a public place. TEX.PENAL CODE ANN. § 49.04(a)(West 2003). The Penal Code does not define the term "operate." *Denton v. State*, 911 S.W.2d 388, 389 (Tex.Crim.App. 1995); *Barton v. State*, 882 S.W.2d 456, 458-59 (Tex.App.--Dallas 1994, no pet.). The Court of Criminal Appeals has held that a person operates a vehicle when the totality of the circumstances demonstrates "that the defendant

took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use." *Denton*, 911 S.W.2d at 390.

Appellant argues that the evidence is insufficient to prove that he operated the vehicle given that the State failed to produce any witnesses who saw Appellant driving the vehicle. But the State presented circumstantial evidence to establish that Appellant was operating the vehicle in question, and circumstantial evidence alone can be sufficient to establish guilt. *See Hooper*, 214 S.W.3d at 13; *King v. State*, 29 S.W.3d 556, 565 (Tex.Crim.App. 2000). The evidence established that Redfield arrived at the accident scene within seconds of its occurrence. She estimated that she approached Appellant's vehicle approximately two minutes after first seeing the cloud of dust. She saw Appellant seated in the driver's seat and he was the only person in or around the vehicle. Redfield did not see anyone leaving the scene of the accident. Cromeens also observed Appellant in the driver's seat when he arrived at the scene of the accident. Lt. Gutierrez asked Appellant if he knew what had happened and Appellant responded by stating, "I was going straight on the access road." When Gutierrez asked Appellant if he had been on South Desert Boulevard, Appellant stated, "Yes." Gutierrez added that Appellant told him that he had been driving.

Viewing all of the evidence in the light most favorable to the verdict, the jury could have rationally found beyond a reasonable doubt that Appellant was operating a motor vehicle at the time of the accident. *See Holder v. State*, 354 S.W.2d 153, 154-55 (Tex.Crim.App. 1962)(evidence that defendant was seated behind steering wheel of automobile three to four minutes after it collided with bridge and that there were no other occupants shown to be in the vehicle was sufficient to show that she was driver for purposes of DWI prosecution); *Hernandez v. State*, 13 S.W.3d 78, 80 (Tex.App.-- Texarkana 2000, no pet.)(evidence that defendant was driver of truck involved in accident was sufficient to support conviction for DWI, though no one saw defendant behind wheel of truck and

defendant claimed that the actual driver ran away, where witness saw defendant walking from driver's side of truck to other vehicle, driver of other vehicle testified that defendant asked her if she was all right and that she did not see anyone else in area, and defendant told officers that truck belonged to him and he could not identify person he claimed was driving). Issue One is overruled.

## COMPULSORY PROCESS

In Issue Three, Appellant contends that the trial court violated his procedural due process right to compulsory process by refusing to attach a properly subpoenaed material witness, Dr. Elaine Barron. The State responds that Appellant failed to preserve the issue for review. We agree.

The State introduced the medical records related to Appellant's treatment at the emergency room following his arrest. Those records reflect that Dr. Barron had treated Appellant for injuries sustained in the accident. The State subpoenaed Dr. Barron to appear on May 11, 2010, but the prosecutor did not call her as a witness on that date. The prosecutor contacted Dr. Barron the following day but she was the only physician in the emergency room and it would have been extremely difficult for her to leave. The State elected to not call her as a witness. At the conclusion of the State's case-in-chief, defense counsel stated that the defense would be calling two witnesses, Appellant and Dr. Barron. Counsel indicated that Dr. Barron's testimony was material to the defense. After Appellant testified, the defense called Dr. Barron. Outside the presence of the jury, Appellant requested that the court issue a writ of attachment for Dr. Barron because her testimony was necessary to explain the medical records admitted as State's Exhibit 3. The court denied the request. During the charge conference, Appellant again requested that the court issue a writ of attachment. The court denied that request but offered Appellant an opportunity to make a bill of exceptions. Appellant made the following bill of exceptions:

[Appellant's counsel]: All right. Starting with page number two, following the

affidavit -- let's go to page three following the affidavit itself where we would have hoped that the good doctor Barron would have testified to Mr. MacNeil suffering chest pains. That's noted there on page three following the affidavit. We would have asked her to testify about the after-care instructions, specifically the diagnosis for a chest wall contusion. Skip down to --

I guess on page 21, we would have asked Dr. Barron to testify as to the pain in the right chest area that Mr. MacNeil suffered. We would have also on that same page asked her to testify about the right rib cage injury that's noted on the medical report at that point. That's on the emergency department record. That's the title of this document. Page 22 -- no note on 22.

On 23, this is an assessment and patient education page. Specifically under the patient care notes, we would have asked the doctor to elaborate about the right-sided rib pains that he suffered at that time. And additionally on that same page -- nothing else on that page, I guess.

The page after that, I guess that's 24, we would have asked her to comment on the diagram in the upper-right-hand corner, noting an injury to -- looks like to Mr. MacNeil's right chest pectoral region. We would have asked her to comment on that. And also under the clinical impression, there is chest wall pain that we would have asked her to elaborate on.

I think that's about it. On page 21, there was one item that I missed; that we would have asked Dr. Barron to comment on it. It clearly states that the patient stated at the time that he was a passenger in the vehicle. I think that's --

I guess that concludes the basic framework of the information in the medical report that we would have asked Dr. Barron to testify to had she been available.

*Standard of Review*

A trial court's decision to deny a writ of attachment is reviewed under an abuse of discretion standard of review. *Rodriguez v. State*, 90 S.W.3d 340, 358 (Tex.App.--El Paso 2001, pet. ref'd). A defendant has a right to compulsory process in order to call witnesses to testify in his behalf. U.S.CONST.amend.VI; TEX.CONST.art. I § 10; TEX.CODE CRIM.PROC.ANN. art. 1.05 (West 2008); *Washington v. Texas*, 388 U.S. 14, 19, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967). Article 24.12 of the Texas Code of Criminal Procedure provides that when a properly subpoenaed witness fails to appear, the State or defendant shall be entitled to have an attachment issued for the witness. TEX.CODE

CRIM.PROC.ANN. art. 24.12 (West 2009).

To preserve error when a when a subpoenaed witness does not appear before the court, three steps must be followed. *See Sturgeon v. State*, 106 S.W.3d 81, 85 (Tex.Crim.App. 2003); *Erwin v. State*, 729 S.W.2d 709, 714 (Tex.Crim.App. 1987), *overruled on other grounds*, *Burk v. State*, 876 S.W.2d 877, 904 (Tex.Crim.App. 1994). First, the party must request a writ of attachment, which must be denied by the trial court. *Erwin*, 729 S.W.2d at 714. Second, the party must show what the witness would have testified to. *Id*. Third, the testimony that the witness would have given must be relevant and material. *Id*. If all three requirements are met, reversible error will result unless the error made no contribution to the conviction or to the punishment. *Sturgeon*, 106 S.W.3d at 85; TEX.R.APP.P. 44.2(a).

It is undisputed that the first prong of the *Erwin* test has been met because Appellant asked the trial court to compel Dr. Barron's attendance, and the court denied the request. With respect to the second prong, Appellant contends that Dr. Barron might have testified as an expert witness that his right-sided rib injuries were consistent with being restrained by the seatbelt on the passenger side of the vehicle in an automobile accident. Appellant did not include this expected testimony in his bill of exceptions. Further, the bill of exceptions did not state with specificity what Dr. Barron's testimony would have been. Appellant only listed the questions that would have been put to Dr. Barron if she had been present to testify; he failed to outline Dr. Barron's expected testimony or answer to these questions. Given Appellant's failure to specify the substance of Dr. Barron's testimony, he cannot show that her testimony would have been material and relevant as required by the third prong. For these reasons, we conclude that Appellant failed to preserve the complaint presented on appeal. Issue Three is overruled. Having overruled each issue presented on appeal, we affirm the trial court's judgment.

August 31, 2011

_____
ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)