ACCEPTED
13-14-00384-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
8/19/2015 3:44:58 PM
CECILE FOY GSANGER
CLERK

## No. 13-14-384-CR

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF TEXAS
AT CORPUS CHRISTI

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
8/19/2015 3:44:58 PM
CECILE FOY GSANGER
Clerk

### JASON CHAVEZ,
### APPELLANT,

### v.

### THE STATE OF TEXAS,
### APPELLEE.

**FILED**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI - EDINBURG

**08/19/15**

**CECILE FOY GSANGER, CLERK**
**BY  CCoronado**

ON APPEAL FROM THE COUNTY COURT AT LAW # 2
NUECES COUNTY, TEXAS

### BRIEF FOR THE STATE

Douglas K. Norman
State Bar No. 15078900
Assistant District Attorney
105th Judicial District of Texas
901 Leopard, Room 206
Corpus Christi, Texas 78401
(361) 888-0410
(361) 888-0399 (fax)
douglas.norman@co.nueces.tx.us

Attorney for Appellee

**ORAL ARGUMENT IS NOT REQUESTED**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ..................................................................... ii

SUMMARY OF THE ARGUMENT ........................................................1

ARGUMENT ...........................................................................................2

**Reply Point No. 1**
**The evidence was legally sufficient to show that Chavez was the driver**. 2

    **I. Standard of Review.**...........................................................................2
    **II. Statement of Facts.** ........................................................................3
    **III. Physical Evidence of Operation.**..................................................4
    **IV. Implied or Adoptive Admissions.** ................................................6

**Reply Point No. 2**
**The trial court did not err in refusing to grant a mistrial based on the prosecutor's jury argument.** ....................................................................8

    **I. Statement of Facts.**..........................................................................8
    **II. Comment on Failure to Testify.** ....................................................9
    **III. The Present Comments.** ............................................................ 11
    **IV. Harm Analysis.**.......................................................................... 12

PRAYER............................................................................................... 15

RULE 9.4 (i) CERTIFICATION........................................................... 15

CERTIFICATE OF SERVICE ............................................................. 16

# INDEX OF AUTHORITIES

## Cases

*Acosta v. State*, 429 S.W.3d 621 (Tex. Crim. App. 2014). ........................ 3, 6

*Archie v. State,* 221 S.W.3d 695 (Tex. Crim. App. 2007)........................... 13

*Archie v. State,* 340 S.W.3d 734 (Tex. Crim. App. 2011)..............................9

*Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010). ............................2

*Busby v. State,* 253 S.W.3d 661 (Tex. Crim. App. 2008)............................ 10

*Bustamante v. State,* 48 S.W.3d 761 (Tex. Crim. App. 2001). .................... 10

*Crestfield v. State,* 471 S.W.2d 50 (Tex. Crim. App. 1971)....................... 6, 7

*Gamboa v. State,* 296 S.W.3d 574 (Tex. Crim. App. 2009)......................... 14

*Green v. State*, 640 S.W.2d 645 (Tex. App.—Houston [14th Dist.] 1982, no pet.). ......................................................................................................5

*Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229 (1965). ...........................9

*Griffith v. State*, 55 S.W.3d 598 (Tex. Crim. App. 2001). .......................... 12

*Hawkins v. State,* 135 S.W.3d 72 (Tex. Crim. App. 2004). ......................... 13

*Holder v. State*, 172 Tex. Crim. 153, 354 S.W.2d 153 (1962)........................4

*Hooper v. State,* 214 S.W.3d 9 (Tex. Crim. App. 2007). ................................3

*Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781 (1979). ........................ 2, 3

*Johnson v. State,* 871 S.W.2d 183 (Tex. Crim. App. 1993). ...........................3

*Moore v. State,* 999 S.W.2d 385 (Tex. Crim. App. 1999)........................... 14

*Mosley v. State,* 983 S.W.2d 249 (Tex. Crim. App. 1998)........................... 13

*Mumphrey v. State*, 774 S.W.2d 75 (Tex. App.—Beaumont 1989, no pet.)...6

*Padilla v. State*, 326 S.W.3d 195 (Tex. Crim. App. 2010)..............................2

*Perez v. State,* 432 S.W.2d 954 (Tex. Crim. App. 1968). ...............................4

*Pope v. State,* 802 S.W.2d 418 (Tex. App.—Austin 1991, no pet.)................5

*Randolph v. State*, 353 S.W.3d 887 (Tex. Crim. App. 2011)................... 9, 10

*Sandford v. State*, 169 Tex. Crim. 388, 334 S.W.2d 184 (1960).....................4

*Smith v. State,* 635 S.W.2d 591 (Tex App.—Dallas 1982, no pet.). ..............6

*Snowden v. State,* 353 S.W.3d 815 (Tex. Crim. App. 2011)........................ 13

*South Dakota v. Neville,* 459 U.S. 553, 103 S.Ct. 916 (1983). .................... 12

*Thomas v. State*, 488 S.W.2d 777 (Tex. Crim. App. 1972)........................ 6, 7

*Thomas v. State*, 756 S.W.2d 59 (Tex. App.—Texarkana 1988, pet. ref'd)....5

*Tucker v. State*, 771 S.W.2d 523 (Tex. Crim. App. 1988). .............................7

*Vasquez v. State*, 415 S.W.2d 188 (Tex. Crim. App. 1967). ...........................4

*Webb v. State,* 232 S.W.3d 109 (Tex. Crim. App. 2007). ............................ 13

*Young v. State*, 544 S.W.2d 421 (Tex. Crim. App. 1976). .............................5

## Constitutions, Statutes & Rules

Tex. Const. art. I, § 10. ...................................................................................9

Tex. Code Crim. Proc. art. 38.08. ...................................................................9

Tex. Transp. Code Ann. § 724.061.............................................................. 12

Tex. R. App. P. 44.2. .................................................................................. 13

Tex. R. Evid. 801. ...........................................................................................7

NO. 13-14-384-CR

| | | |
|---|---|---|
| JASON CHAVEZ, | § | COURT OF APPEALS |
| Appellant, | § | |
| | § | |
| V. | § | FOR THE THIRTEENTH |
| | § | |
| THE STATE OF TEXAS, | § | |
| Appellee. | § | DISTRICT OF TEXAS |

## BRIEF FOR THE STATE

TO THE HONORABLE COURT OF APPEALS:

## SUMMARY OF THE ARGUMENT

*First Issue* – The fact that Chavez was found trapped in the driver's seat after the accident, as well as his own statements to police at the scene provide sufficient evidence to show that he was the driver, and to support his conviction for driving while intoxicated.

*Second Issue* – The prosecutor's comment suggesting that Chavez did not "take responsibility" was vague and did not clearly refer to his failure to testify, such that the trial court did not abuse its discretion in refusing Chavez's request for a mistrial.

## ARGUMENT

**Reply Point No. 1**
**The evidence was legally sufficient to show that Chavez was the driver.**

In his challenge to the legal sufficiency of the evidence to support his conviction for driving while intoxicated, Chavez argues specifically only that the evidence was insufficient to show that he was the driver of the vehicle in question.

### I. Standard of Review.

In order to determine if the evidence is legally sufficient, the appellate court reviews all of the evidence in the light most favorable to the verdict and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781 (1979). In *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010), the Court of Criminal Appeals abandoned factual sufficiency review and determined that the *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient. This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Padilla v.*

*State*, 326 S.W.3d 195, 200 (Tex. Crim. App. 2010) (quoting *Jackson*, 443 U.S. at 319).

Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Acosta v. State*, 429 S.W.3d 621, 625 (Tex. Crim. App. 2014); *Hooper v. State,* 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). In such cases, it is not necessary that every fact and circumstance point directly and independently to the defendant's guilt; it is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances. *Acosta*, 429 S.W.3d at 625; *Johnson v. State,* 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).

## II. Statement of Facts.

Based on testimony by the police and those involved, a major accident occurred "close to" 5:30 a.m. (RR vol. 2, p. 180), medics and the police were on scene almost immediately and encountered Chavez in one of the vehicles at 5:21 a.m. (RR vol. 2, p. 108), and he was later arrested and read the statutory warnings in DIC-24 at 6:05 a.m. (SX # 1)

Specifically, Police Officer Braden Tackett testified that he responded to a report of a major accident and found medics trying to pry open the door to a car in which Chavez was stuck in the driver's seat. (RR vol. 2, pp. 82-

3

84)   When Officer Tackett asked Chavez at the scene about the accident, Chavez said that the other vehicle ran a red light.  (RR vol. 2, pp. 90-91) When Officer Tackett then asked Chavez if he had anything to drink that night or felt drunk, Chavez said that "he felt buzzed and he had a couple of mixed drinks."  (RR vol. 2, p. 91)  When Officer Tackett then asked where Chavez was coming from, Chavez said "he was coming from an after party and he was just trying to get home.  He just wanted to get his friends home." (RR vol. 2, p. 91)

James Lawrence, a passenger in the vehicle that had been hit by Chavez's car, testified, without immediate objection, that he was told there were two men and a woman in Chavez's car and that the passenger door was open after the accident.  (RR vol. 2, pp. 196-97)

### III. Physical Evidence of Operation.

Numerous cases have considered the fact that the defendant is found alone sitting in the driver's seat or behind the steering wheel after an accident or after the car is stopped as evidence that he was the driver or operator of the car for purposes of the DWI statute.  *See Perez v. State,* 432 S.W.2d 954 (Tex. Crim. App. 1968); *Vasquez v. State*, 415 S.W.2d 188, 190 (Tex. Crim. App. 1967); *Holder v. State*, 172 Tex. Crim. 153, 155, 354 S.W.2d 153, 154-55 (1962); *Sandford v. State*, 169 Tex. Crim. 388, 390, 334

4

S.W.2d 184, 185-86 (1960); *Pope v. State*, 802 S.W.2d 418, 420 (Tex. App.—Austin 1991, no pet.); *Thomas v. State*, 756 S.W.2d 59, 61-62 (Tex. App.—Texarkana 1988, pet. ref'd); *Green v. State*, 640 S.W.2d 645, 648 (Tex. App.—Houston [14th Dist.] 1982, no pet.).

In *Young v. State*, 544 S.W.2d 421 (Tex. Crim. App. 1976), however, where the defendant and another person were found lying on the ceiling of an overturned car, with the defendant in the front and in the vicinity of the wheel, the Court of Criminal Appeals held that the defendant's position in the upside down car was insufficient to infer that he was the driver. *Id.* at 423-24.

In the present case, as in *Young*, the evidence suggests that Chavez was not alone in the car at the time of the accident. However, unlike *Young*, the car had not been turned upside down such that it would be impossible to make any assumptions about who was in the driver's seat at the time of the accident. It was still a reasonable assumption that Chavez, having been found in the driver's seat after the accident, was there before the accident when the vehicle was being driven.

Moreover, the fact that he had been pinned into that seat by the force of the accident strengthens the presumption that he was in that seat at, and immediately before, the collision. The jury may use common sense and

apply common knowledge, observation, and experience gained in ordinary affairs when drawing inferences from the evidence. *Acosta*, 429 S.W.3d at 625. It stands to reason that the appellate court may likewise draw on common sense in judging the reasonableness of inferences and determining the sufficiency of the evidence. While it may be possible for an occupant to be thrown around in the car before being pinned, and no accident reconstruction expert was called to examine this possibility, common sense and common experience suggest that it is much more likely the defendant was pinned where he sat in the car at the time of the collision.

## IV. Implied or Adoptive Admissions.

In addition, in the present case Chavez's own statements suggest that he was the driver.

Where a statement or remark is made in the defendant's presence, that he heard and understood and which statement called for a reply or a denial, then his silence or acquiescence may be shown as an admissible fact having probative value; and his silence or acquiescence may even be shown as in the nature of a confession on his part where that same defendant is not under arrest. *Crestfield v. State,* 471 S.W.2d 50, 53 (Tex. Crim. App. 1971); *Thomas v. State*, 488 S.W.2d 777, 778 (Tex. Crim. App. 1972); *Mumphrey v. State*, 774 S.W.2d 75, 78-79 (Tex. App.—Beaumont 1989, no pet.); *Smith*

6

*v. State,* 635 S.W.2d 591 (Tex App.—Dallas 1982, no pet.); *see also Tucker v. State,* 771 S.W.2d 523, 535 n.5 (Tex. Crim. App. 1988) (citing *Crestfield* and Tex. R. Evid. 801(e)(2)(B), and referring to tacit acceptance of this nature as an "adoptive admission").

In *Thomas*, for example, a third party at a murder scene accused the defendant in the presence of both the defendant and a police officer before the officer had arrested the defendant, and the defendant made no reply to the accusation, which the Court of Criminal Appeals considered to be an admission or confession. 488 S.W.2d at 778 (citing *Crestfield*).

Likewise, under the present circumstances, having been found as the only person in the car, and in the driver's seat at that, and with a police officer on scene asking questions about the accident and about whether Chavez had been drinking, a normal person in Chavez's position who had been merely a passenger would be expected in his reply to make that fact known to the officer at the time, rather than answering his questions as if he had been the driver and impliedly or adoptively admitting to that fact. Specifically, the officer's questions about the accident, whether Chavez had anything to drink or felt drunk, and where Chavez was coming from, together would imply to a normal driver that this officer suspected Chavez of DWI and was asking questions to either confirm or dispel that suspicion.

If Chavez had been a passenger, the expected reply would have been something like "I wasn't driving," or "I was only a passenger." The absence of any such reply as a part of Chavez's otherwise responsive answers to the officer's questions operates as a common sense admission that the officer was correct in his assumption that Chavez was the driver.

In addition, Chavez's statement that he "just wanted to get his friends home," implied that he had some amount of control over "getting" them home, which is more consistent with a driver of the car than a mere passenger.

For all of these reasons combined, the evidence was legally sufficient to prove that Chavez was the driver.

Chavez's first issue on appeal should be overruled.

## Reply Point No. 2
### The trial court did not err in refusing to grant a mistrial based on the prosecutor's jury argument.

### I. Statement of Facts.

During the State's closing argument at the guilt-innocence phase of trial, the prosecutor attempted to make the following argument, before he was cut-off by an objection:

> Defense counsel had a lot of arguments during trial about why his client is not responsible, and I think that's one of the focuses in this case. He didn't want to take responsibility at the time. He refused –

8

(RR vol. 3, p. 11)  Chavez's attorney then objected that this argument amounted to an improper comment on Chavez's Fifth Amendment right not to testify.  (RR vol. 3, pp. 11-12)  After the trial court sustained the objection and instructed the jury that "what the lawyers say are [sic] not evidence," the defense moved for, but was denied, a mistrial.  (RR vol. 3, p. 12)

The prosecutor then continued his argument, "Okay, so he refused to give blood in a [sic] case."  (RR vol. 3, pp. 12-13)

Paragraph 5 of the jury charge instructed the jury not to "refer or allude to [the fact that Chavez elected not to testify] throughout your deliberations or take it into consideration for any purpose whatsoever as a circumstance against the defendant."  (CR p. 34)

## II. Comment on Failure to Testify.

A comment on the defendant's failure to testify violates the Fifth Amendment,  Tex. Const. art. I, § 10, and Tex. Code Crim. Proc. art. 38.08. *See Griffin v. California,* 380 U.S. 609, 615, 85 S.Ct. 1229 (1965); *Randolph v. State,* 353 S.W.3d 887, 891 (Tex. Crim. App. 2011); *Archie v. State,* 340 S.W.3d 734, 738 (Tex. Crim. App. 2011).

In assessing whether the prosecutor has improperly commented on the defendant's failure to testify, courts must view the State's argument from the jury's standpoint and resolve any ambiguities in the language in favor of it

9

being a permissible argument, such that the implication that the State referred to the defendant's failure to testify must be a clear and necessary one. *Randolph*, 353 S.W.3d at 891; *Bustamante v. State,* 48 S.W.3d 761, 767 (Tex. Crim. App. 2001). If the language might reasonably be construed as merely an implied or indirect allusion, there is no violation. *Randolph*, 353 S.W.3d at 891; *Busby v. State,* 253 S.W.3d 661, 666 (Tex. Crim. App. 2008). The test is whether the language used was manifestly intended or was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify, as applied within the context in which the comment was made. *Randolph*, 353 S.W.3d at 891; *Bustamante,* 48 S.W.3d at 765.

Specifically, with regard to the prosecutor's comments of the present nature -- that the defendant did not take responsibility for his crime -- there may be numerous proper arguments concerning lack of responsibility, as when the defendant raises a defense or claims accident; yet, it would be an improper comment when the only basis for the prosecutor's claim was the defendant's guilty plea, which would amount to a comment on his failure to testify. *See Randolph*, 353 S.W.3d at 892.

### III. The Present Comments.

The prosecutor's supposedly improper comment, "He didn't want to take responsibility at the time," begs the questions (1) what time is he referring to?, and (2) how exactly is he claiming that Chavez failed to take responsibility? The context suggests possible answers that do not amount to an improper reference to Chavez's failure to testify.

In view of the prosecutor's immediately preceding comment that "Defense counsel had a lot of arguments during trial about why his client is not responsible," the prosecutor's comment could have been directed at the defense counsel for attempting to shift responsibility away from his client at trial. Alternatively, the prosecutor could have been referring to Chavez at the time he was first approached after the accident and admitted only to being "buzzed" and having had a "couple of mixed drinks" (RR vol. 2, p. 91), thus minimizing his condition and attempting to avoid responsibility for a DWI. Finally, based on the prosecutor's comment concerning refusal of the blood test immediately after his comments about responsibility, arguably the most likely reference was to Chavez's refusal to consent to the taking of a blood specimen (*See* SX # 1) as a broader refusal to take responsibility for the DWI.

The Texas Transportation Code provides that "[a] person's refusal of a request by an officer to submit to the taking of a specimen of breath or blood, whether the refusal was express or the result of an intentional failure to give the specimen, may be introduced into evidence at the person's trial." Tex. Transp. Code Ann. § 724.061. Nor does the admission into evidence of a defendant's refusal to submit to a blood-alcohol test offend the Fifth Amendment right against self-incrimination. *See Griffith v. State*, 55 S.W.3d 598, 603 (Tex. Crim. App. 2001) (citing *South Dakota v. Neville,* 459 U.S. 553, 554, 103 S.Ct. 916 (1983)). Likewise, in the context of an arrest for driving while intoxicated, a police inquiry of whether the suspect will take a blood-alcohol test is not an interrogation within the meaning of *Miranda. Griffith*, 55 S.W.3d at 603.

Accordingly, to the extent that the prosecutor was arguing that Chavez failed to take responsibility by his refusal to take a blood test after the accident, this was a permissible inference that did not offend the right against self-incrimination.

## IV. Harm Analysis.

However, even if the comment was improper, it was not sufficiently harmful to require a mistrial.

An appellate court reviews a trial court's denial of a motion for mistrial for an abuse of discretion. *Webb v. State,* 232 S.W.3d 109, 112 (Tex. Crim. App. 2007); *Archie v. State,* 221 S.W.3d 695, 699 (Tex. Crim. App. 2007).

Because of the constitutional nature of the error, for comments on the defendant's failure to testify an appellate court must reverse the judgment unless it can conclude "beyond a reasonable doubt that the error did not contribute to the conviction or punishment." *Snowden v. State,* 353 S.W.3d 815, 818 (Tex. Crim. App. 2011); Tex. R. App. P. 44.2(a). This analysis considers

> [h]ow emphatically the prosecutor invited the jury to consider the failure to testify, whether he repeated the invitation, and how much heft the jury would likely have placed upon that invitation in light of the weight and character of the State's evidence.

*Snowden,* 353 S.W.3d at 822.

Moroever, in determining whether improper jury argument warrants a mistrial, the reviewing court should balance the severity of the misconduct, the measures adopted to cure any misconduct, and the certainty of conviction absent the misconduct. *Hawkins v. State,* 135 S.W.3d 72, 75 (Tex. Crim. App. 2004); *Mosley v. State,* 983 S.W.2d 249 (Tex. Crim. App. 1998). Only in extreme circumstances where the prejudice is incurable will a mistrial be required. *Hawkins,* 135 S.W.3d at 77.

Instructions to the jury will generally cure most improprieties that occur during trial, and the reviewing court should presume that a jury followed the judge's instructions. *Gamboa v. State,* 296 S.W.3d 574, 580 (Tex. Crim. App. 2009). Specifically, an instruction to disregard a comment on the defendant's failure to testify will generally cure any harm except in the most extreme cases. *Moore v. State,* 999 S.W.2d 385, 405 (Tex. Crim. App. 1999).

In the present case, the comment concerning failure to take responsibility, if it was a comment on Chavez's failure to testify, was vague, brief and not elsewhere repeated in the argument. Moreover, although the trial court's oral instruction to disregard did not directly instruct the jury to disregard the comment in question, the jury charge did contain a written instruction not to consider Chavez's failure to testify, which the jury presumably obeyed. Accordingly, any error was harmless and did not require a mistrial.

Chavez's second issue on appeal should be overruled.

## PRAYER

For the foregoing reasons, the State respectfully requests that the judgment of the trial court be affirmed.

Respectfully submitted,

/s/ *Douglas K. Norman*

_____
Douglas K. Norman
State Bar No. 15078900
Assistant District Attorney
105th Judicial District of Texas
901 Leopard, Room 206
Corpus Christi, Texas 78401
(361) 888-0410
(361) 888-0399 (fax)
douglas.norman@co.nueces.tx.us

## RULE 9.4 (i) CERTIFICATION

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), I certify that the number of words in this brief, excluding those matters listed in Rule 9.4(i)(1), is 2,943.

/s/ *Douglas K. Norman*

_____
Douglas K. Norman

## CERTIFICATE OF SERVICE

This is to certify that a copy of this brief was e-mailed on August 19, 2015, to Appellant's attorney, Mr. Ira Z. Miller, at imillerlaw@yahoo.com.


/s/ *Douglas K. Norman*

_____

Douglas K. Norman